| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1728-AGF |
| | ) | |
| U.S. BANK INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff and frequent filer Clint Phillips, III brings this action for alleged violations of his civil rights. The matter is now before the Court upon Plaintiff's application to proceed without prepayment of the required filing fees and costs, ECF No. 2, and motion to appoint counsel, ECF No. 3. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Plaintiff's Background and Complaint

As documented in this Court's records, Plaintiff Clint Phillips, III has a long history of filing frivolous or meritless lawsuits in this Court. He filed cases as far back as 2010, but more recently, from 2023 to 2025, he has filed over 40 cases. He has previously been warned that the

filing of frivolous lawsuits is an abuse of the litigation process. *See Phillips v. St. Louis County*, No. 4:22-cv-759-JAR, ECF No. 7 at 6 (E.D. Mo. issued Oct. 19, 2022).

In this case, Plaintiff sues U.S. Bank Inc. and Securitas Security Company, alleging discrimination and human rights violations. ECF No. 1 at 6. In support of this claim, Plaintiff alleges that he was forced to leave the bank by security. *Id.* He argues that this violated his free will and controlled his "freedom of movement." *Id*. He claims this action violated his Fourth, Fifth, and Fourteenth Amendment rights. *Id*. Plaintiff provides no further details or explanation as to how these actions amount to discrimination. He also provides no information about what led to him being forced to leave the bank. As relief, Plaintiff seeks over $16 million in damages. *Id*.

**Discussion**

Plaintiff brings this case under the Court's federal question jurisdiction, invoking 42 U.S.C. § 1983, § 1985, and § 1986.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, pursuant to § 1983, a defendant can only be held liable for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may *only* be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, a plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, the defendants are private entities, not state actors. Plaintiff has not provided any facts suggesting that the defendants were a willful participant in joint activity with the State, or its agents. Because Plaintiff has not shown that the defendants are state actors or that they acted under color of state law, Plaintiff has failed to establish the necessary elements of a 42 U.S.C. § 1983 claim.[1]

Similarly, 42 U.S.C. § 1985 and § 1986 are inapplicable to this case. Section 1985 relates to specific instances of conspiracy to deprive persons of rights or privileges. Section 1986 relates to neglect to prevent a wrongful act of conspiracy under § 1985. Plaintiff has alleged not alleged any conspiracy in this case, nor could any of the facts presented meet the elements of conspiracy so he has failed to state a claim under 42 U.S.C. § 1985 and § 1986.

Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). The Court "is free to ignore legal

---

[1] The Court notes Plaintiff has previously filed claims against private entities and has been informed by this Court multiple times that such causes of action do not state a claim under 42 U.S.C. § 1983. For example, in *Phillips v. Akbar*, No. 21-cv-909-NCC (E.D. Mo.), Plaintiff sued United Mart for failing to sell him a winning lottery ticket. *See also Phillips v. Wal-Mart*, No. 4:20-cv-1276-SNLJ (Plaintiff sued a retail outlet, a non-state actor); *Phillips v. St. Louis Community Credit Union*, No. 4:20-cv-1275-MTS (Plaintiff sued a credit union, a non-state actor).

conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Such is the case here. Plaintiff has pled no facts from which the Court could find a claim for relief that is plausible on its face. The Court will therefore dismiss this case for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and deny as moot Plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of March, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE